In the Matter of the Claim of ALFRED A. FANCHER against BOSTON EXCELSIOR COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — when workman employed to cut wood at a fixed price a cord an employee and not an independent contractor.**

Where, upon the hearing of a claim for workmen's compensation, claimant, a stoneworker by trade, testified that he had been employed by the manager of defendant excelsior company to cut wood at a fixed price a cord, that the manager told him where to go to cut the wood and at all times had supervision over him and could have taken the job away from him at any time, and in the employer's report of the injury received by claimant while engaged in cutting a tree it was stated that " the claimant's occupation was cutting excelsior wood by piece work, average earnings being about $5.00 per day," it was properly held that claimant was an employee of the excelsior company, and a reversal by the Appellate Division of an award upon the ground that claimant was an independent contractor was error. (*Matter of Liberatore* v. *Friedman*, 224 N. Y. 710; *Matter of Peake* v. *Lakin*, 221 N. Y. 496; *Matter of Claremont* v. *DeCoss*, 175 App. Div. 952; 220 N. Y. 671, followed.)

*Matter of Fancher* v. *Boston Excelsior Co.*, 203 App. Div. 294, reversed.

(Argued February 28, 1923; decided March 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 4, 1922, reversing an award of the state industrial board and dismissing a claim made under the Workmen's Compensation Law.

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for appellant. Claimant was not an independent contractor. (*Claremont* v. *De Coss*, 175 App. Div. 952; 220 N. Y. 671; *Peake* v. *Lakin*, 221 N. Y. 496; *Abromowitz* v. *Hudson View Const. Co.*, 228 N. Y. 509; *Liberatore* v. *Friedman*, 224 N. Y. 710.)

*A. L. O'Connor* for claimant. Claimant was an employee and not an independent contractor even if the circumstances of his previous employment are considered. (*Peake* v. *Lakin*, 221 N. Y. 490; *Kackel* v. *Serviss*, 180 App. Div. 54.)

*E. C. Sherwood* and *William B. Davis* for respondents. The claimant was an independent contractor and not an employee. (*Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97; *Matter of Eldridge* v. *Endicott, Johnson & Co.*, 228 N. Y. 21; *Matter of Lorchitsky* v. *Gotham, etc., Co.*, 230 N. Y. 8; *Matter of Rheinwald* v. *Supply Co.*, 233 N.Y. 572; *Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321; *Matter of Mandatto* v. *Hudson Shoring Co.*, 229 N. Y. 624; *Tsangournos* v. *Smith*, 183 App. Div. 751; *Hopkins* v. *Empire Eng. Corp.*, 152 App. Div. 570; *Brown* v. *Munn Piano Co.*, 172 App. Div. 372; *Thorn* v. *Clark*, 188 App. Div. 411; *Kueckel* v. *Ryder*, 54 App. Div. 252; 170 N. Y. 562.)

CRANE, J. An award was made to the claimant herein by the State Industrial Board for an injury to his eye happening while he was cutting trees. The Appellate Division reversed the award and dismissed the claim on the ground that the claimant was an independent contractor and not an employee.

The claimant was engaged by a Mr. Hornbeck, manager of the Boston Excelsior Company at Hancock, to cut wood at $4.50 a cord. Mr. Hornbeck told him where

18

to go on the lot to cut the wood, and at all times had supervision over him.

The claimant's regular occupation was that of a stoneworker. He says that Hornbeck could have taken the job away from him at any time.

In the employer's report of injury the Boston Excelsior Company stated that the claimant's occupation was cutting excelsior wood by piece work, average earnings being about $5.00 per day.

On another occasion Fancher, the claimant, had worked for the Boston Excelsior Company and had procured other men to work with him cutting wood. They were paid $4.75 a cord and Fancher $5.00, so that he made $.25 on each cord of wood that the other men cut.

His testimony as to this reads as follows: " Q. You measured, on this previous job, all the wood? A. Yes, practically all of it. Q. And you received from the Boston Excelsior Co. $5.00 per cord for cutting the wood? A. Yes. Q. And you paid each man $4.75? A. Yes. Q. And 25c per cord was for the measuring of the wood? A. Yes. I simply took the job of cutting wood. He said to put on several more gangs of men because he wanted to get that wood cut off. He suggested, when he went to make the first measurement, that I do it afterward. Q. Did these men report to you every morning? A. No. Q. What arrangement did you make? A. No arrangement. Only told them there was a job cutting wood up there if they wanted it. They was stonemen same as I. Mr. Hornbeck told these men where to go the same as he would tell me."

We think the claimant here was an employee of the Boston Excelsior Company and that the cases of *Liberatore* v. *Friedman* (224 N. Y. 710); *Peake* v. *Lakin* (221 N. Y. 496), and *Claremont* v. *De Coss* (175 App. Div. 952; affd., 220 N. Y. 671) are controlling.

The order of the Appellate Division should be reversed and award of the State Industrial Board affirmed,

with costs to the appellant in this court and Appellate Division.

Hogan, Cardozo, Pound and Andrews, JJ., concur; Hiscock, Ch. J., and McLaughlin, J., dissent.

Ordered accordingly.