## GRACE CONSTRUCTION COMPANY. v. FOWLER.

[No. 12,663. Filed November 4, 1926.]

1. MASTER AND SERVANT.—Evidence *held* to sustain finding of Industrial Board that claimant's decedent was employee of employer opposing award of compensation under the Workmen's Compensation Act. p. 265.

2. MASTER AND SERVANT.—*Workmen engaged in hauling material for construction company held to be "employee" and not "contractor."*—One employed by a construction company to haul material from its plant to place of construction work, being paid by the load, the amount for each load depending on the distance such load was hauled, the employer having the right to discharge him at any time, was not a "contractor" within the Workmen's Compensation Act, but an "employee," although he furnished the truck in which the hauling was done. p. 266.

3. MASTER AND SERVANT.—*Death of truck driver in collision with street car held to arise "out of and in the course of" his employment.*—The death of a truck driver in a collision of the truck with a street car while hauling material from employer's

yard to the place where construction work was being done by employer arose "out of and in the course of the employment" within the meaning of the Workmen's Compensation Act. p. 266.

4. MASTER AND SERVANT.—*Finding of Industrial Board held sufficient to show that claimant's decedent was employee of defendant.*—A finding of the Industrial Board that on October 29, 1925, "while in the employ of defendant," claimant's decedent suffered an injury resulting from an accident "arising out of and in the course of his employment," which resulted in his death, sufficiently showed that, at the time of the injury, he was an employee of the defendant. p. 267.

5. MASTER AND SERVANT.—*Defense that employee's injury was caused by violation of ordinance must be pleaded specially within time fixed by rule of Industrial Board.*—Under the rules of the Industrial Board, a defense to a claim for compensation based on §8 of the Workmen's Compensation Act (§9453 Burns 1926) that employee's injury was caused by violation of city ordinance must be specially pleaded within the time fixed by said rules or it is waived. Hence, the fact that an employee's injury was caused by a violation of a city ordinance constituted no defense where not pleaded within the time limited. p. 267.

From Industrial Board of Indiana.

Application by Anna B. Fowler for compensation under the Workmen's Compensation Act for the death of her husband, Truman H. Fowler, opposed by the Grace Construction Company, employer. From an award for claimant, the employer appeals. *Affirmed.* By the court in banc.

*Turner, Adams, Merrell & Locke* and *Paul E. Beem,* for appellant.

*L. M. Bane,* for appellee.

ENLOE, C. J.—On December 16, 1925, the appellee made application to the Industrial Board for an award of compensation on account of the death, by accident, of her husband, Truman H. Fowler, on October 29, 1925, alleging that at the time of his death her said husband was an employee of the Grace Construction Company, the appellant herein, and that the accident which caused

the death of her said husband arose out of and in the course of his said employment.

There was a hearing by a single member and afterwards a review by the full Industrial Board which resulted in an award to said claimant of compensation, from which award this appeal is prosecuted.

Under an assignment that the award is contrary to law, the appellant asserts three propositions, viz.: (1) That the evidence is not sufficient to sustain the finding; (2) that the facts found are not sufficient to sustain the award; and (3) that the evidence shows that the injury and death of said Truman H. Fowler were caused by his committing a misdemeanor, in violating the traffic ordinance of the city of Ft. Wayne, Indiana.

Under the first proposition, it is insisted that the evidence does not show that the said deceased was an "employee" of the Grace Construction Company.

1. We find in appellant's brief a condensed recital of the evidence given upon the hearing, and one of the persons who testified as a witness was one George F. Ballingal, secretary and treasurer of appellant company. This witness testified, as his testimony is set forth in said brief, that "Fowler commenced working for the Company on September 14, 1925, and worked from that date until his death. * * *. He was paid for hauling stone and sand from our material yard to the various street paving jobs. * * *. We could terminate his employment any time we wanted to. He was under orders from The Grace Construction Company." A witness named Brockhouse testified that he knew Fowler, saw him on the morning of the day he was killed, at the yard of appellant, and that Fowler was, at the time he was killed, working for the appellant, hauling material from said yard to the place where construction work was going on. This evidence was ample to sustain the finding in question, as to the point

suggested, and we therefore conclude that appellant's said contention is not well taken.

It is next urged that the evidence shows that at the time of said accident and of the injury and death of said Fowler, he was a "self-employer," as we interpret the argument of counsel for appellant, a contractor, and doing work as such at the time of his injury for the appellant. The evidence given on the hearing shows, without contradiction, that at the time Fowler was killed, he was hauling material to be used by the appellant in its work of improving Cornell avenue, in the city of Ft. Wayne, from the yards of appellant, using a small truck which belonged to his wife, the appellee herein; that he was paid by the appellant for the hauling which he did, by the load, the price paid for such hauling depending upon the distance the said materials were hauled. This falls far short of making the deceased a "contractor" within the meaning of the law, and when we consider the testimony of one of the officers of appellant company that, under Fowler's employment, they had the right to discharge him at any time, we conclude that appellant's contention in this behalf is not well taken.

Appellant also contends that there is no evidence to sustain the finding that the average weekly wage of the deceased was in excess of $24, and also, that there is no evidence to show that the said accident in which Fowler was killed arose out of and in the course of his said employment. In neither of these contentions can we concur. There is evidence in this record from which the board could find as to the wages of the deceased, and as to the other contention, the evidence establishes, without controversy, the fact that the deceased came to his death by accident, that the accident occurred and he was killed while he was driving his truck, loaded with paving material, from

the yard of appellant to the place where the construction work in which appellant was engaged was being prosecuted, and that his injury and death were caused by reason of his said truck, while he was so driving the same, coming into collision with a street car. We, therefore, conclude that there is no merit in either of said last above noted contentions.

Under the assignment that "the finding is insufficient to sustain the award," appellant says that there is no finding that Fowler, at the time of his injury,

4. "was an employee of this appellant." We do not understand how counsel, in the face of the record herein, can urge this proposition. The finding of the full Industrial Board, as the same relates to this proposition, is as follows: "that on October 29, 1925, while in the employ of the defendant at an average weekly wage in excess of $24, Truman H. Fowler, deceased, suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had notice; that said injury resulted in the death of said Truman H. Fowler immediately following the accident." There is no merit in the above contention.

The third proposition upon which appellant relies, viz.: That the said injury so received by said Fowler was caused by his violating an ordinance of the city of

5. Ft. Wayne, presents under §8 of our Workmen's Compensation Act, an affirmative defense. This defense, under the rules of the Industrial Board, must be specially pleaded and within a certain time fixed by said rules, and if not so pleaded, is deemed to have been waived. Rule 10, Indiana Industrial Board; *Northern Ind. Gas, etc., Co.* v. *Pietzvak* (1917), 69 Ind. App. 24, 118 N. E. 132. The appellant filed such an answer in this case, but, as it was not filed within the time limited, it was, on motion, stricken out. It therefore fol-

lows that no question such as that now sought to be raised arises upon this record.

Taking the record in this case as a whole and considering the aforementioned several assignments, we are strongly impressed that this appeal is frivolous and a very proper case to be affirmed with a penalty other than that fixed by statute, had we the power so to do.

Award affirmed.