DENNIS *v.* SINCLAIR LUMBER & FUEL CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPLICABLE ONLY TO COMMON-LAW RELATIONSHIP OF EMPLOYER AND EMPLOYEE—INDEPENDENT CONTRACTOR.

   The workmen's compensation act applies to employer and employee in the sense of such relationship at common law, and not at all to the relationship of an independent contractor to a job or jobs.

2. SAME—RIGHT TO CONTROL DETERMINES RELATIONSHIP OF EMPLOYER AND EMPLOYEE.

   The test as to whether the relation of employer and employee exists is the right of the employer to control, whether in fact exercised or not.

[1]Workmen's Compensation Acts, C. J. § 42; L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918G, 206; 28 R. C. L. 762; 3 R. C. L. Supp. 1593; 4 R. C. L. Supp. 1847; 6 R. C. L. Supp. 1748; 7 R. C. L. Supp. 1001.

3. SAME—OWNER OF TRUCK DELIVERING AT CERTAIN PRICE PER
   LOAD IS EMPLOYEE WHERE SUBJECT TO EMPLOYER'S CONTROL.
   Where the owner of a truck was hired by a lumber and
   fuel company to deliver coal and building material at an
   agreed compensation per ton of coal and load of material,
   and he was under the direction and control of the com-
   pany at all times, he was an employee rather than an
   independent contractor.

4. SAME — WHETHER TESTIMONY INCOMPETENT NOT DETERMINED
   WHERE FINDINGS SUPPORTED BY COMPETENT TESTIMONY.
   On certiorari to review an award under the workmen's
   compensation act, where there was ample proof to sustain
   the findings of the commission without considering claimed
   incompetent testimony, the Supreme Court will not de-
   termine whether it should have been excluded.

Certiorari to Department of Labor and Industry.
Submitted January 4, 1928; resubmitted March 27,
1928.    (Docket No. 37.)    Decided April 3, 1928.

Nellie Dennis presented her claim for compensation
against the Sinclair Lumber & Fuel Company for the
accidental death of her husband in defendant's employ.
From an order awarding compensation, defendant and
the Norwich Union Indemnity Company, insurer, bring
certiorari.    Affirmed.

*Dunham & Cholette,* for appellants.

*Dilley, Souter & Dilley,* for appellee.

WIEST, J.    John Dennis owned an auto truck. The
Sinclair Lumber & Fuel Company employed him and
his truck steadily for 16 weeks in delivering coal and
building material at an agreed compensation per ton
of coal and load of material.    Mr. Dennis, in return-
ing to the lumber yard from making a delivery, was
killed at a railroad crossing.    The department of
labor and industry held that Dennis was an employee

⁴Workmen's Compensation Acts, C. J. § 130.

of the lumber company and awarded compensation to his widow.   Defendants denied liability, claiming Dennis was an independent contractor, was not an employee, and was not killed in an accident arising out of and in the course of employment.   We issued our writ of certiorari on the application of defendants. Plaintiff filed two motions to dismiss the writ.   Our disposition of the case renders decision of the motions unnecessary.

This is not a pioneer case.   We have many times considered the principal point involved, and, while not always in agreement, the majority opinions have fully settled the rule.

The Michigan workmen's compensation statute applies to employer and employee in the sense of such relation at common law, and not at all to the relation of an independent contractor to a job or jobs.   An abstract definition of what constitutes an independent contractor is useful in the test of whether the relation in a case is such or that of an employee, but is seldom decisive, for each case has its own facts and the facts call for applicable law.

Mr. Dennis was hired, with use of his truck, to deliver coal in retail quantities to customers of the lumber and fuel company.   His every act was under direction and control of the company.   The coal for delivery was selected by the company, weighed under its supervision, billed by the company, and delivered in each instance under its immediate direction, and, if not paid for before or at delivery, was brought back, and, if paid for on delivery, the money was brought to the company.   The same was true of building material. Mr. Dennis worked steadily for the company for 16 weeks and was paid at weekly intervals an average of about $42.   At the time he was injured he was returning to the yard from making a delivery of building material.   Mr. Dennis was in the course of his

employment in returning to the place of his employer, even though not at the time of the accident pursuing the most direct route; there being some evidence showing road conditions justifying his course and nothing to show he was about any private affair.

An apt case illustrative of the common-law distinction between an independent contractor and an employee, under circumstances similar to those in the case at bar, is *Waters* v. *Pioneer Fuel Co.*, 52 Minn. 474 (55 N. W. 52, 38 Am. St. Rep. 564). In that case the owner of a team and running gear of a wagon applied for work and had work for about three months delivering coal, was paid 35 cents per ton for delivering and received his pay each week. He was not sure of business every day, could quit at will, loaded the coal and delivered as directed, collected the money for it, procured receipts showing delivery, and returned the money and receipts to the company. In an action by a third person against the company to recover for injuries occasioned by his negligence, held that he was an employee and not an independent contractor.

This court has held that the test of the relationship is the right to control, whether in fact exercised or not. *Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich. 385 (Ann. Cas. 1918C, 664). Mr. Dennis served the lumber and fuel company, in accord with its direction as to each load, under its right to control his movements and command his services in carrying out its business requirements, and the company had a right to dispense with the same at will without liability. Mr. Dennis was an employee and not an independent contractor. *Van Simaeys* v. *George R. Cook Co.*, 201 Mich. 540; *Conrad* v. *Cummer-Diggins Co.*, 224 Mich. 414; *Hector* v. *Plumbing & Heating Co.*, 226 Mich. 496. The rule is quite uniformly so. *Burt* v. *Davis-Wood Lumber Co.*, 157 La. 111 (102 South.

87) ; *Hillen* v. *Industrial Accident Com'n,* 199 Cal. 577 (250 Pac. 570) ; *Grace Construction Co.* v. *Fowler,* 85 Ind. App. 263 (153 N. E. 819) ; *Fancher* v. *Boston Excelsior Co.,* 235 N. Y. 272 (139 N. E. 265).

Counsel for defendants cite *Norton* v. *Day Coal Co.,* 192 Iowa, 160 (180 N. W. 905), and claim it supports the position that plaintiff's husband was an independent contractor.   It does, but is not in line with our decisions.

The claimed incompetent testimony can all be stricken out and still leave ample proof supporting the findings of the commission.   Such being the case, we will not spend time in determining whether it should have been excluded.

The award is affirmed, with costs to plaintiff.

Fead, C. J., and North, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.