LYNN *v.* ROBERTS.

WIMBUSH *v.* SAME.

1. MASTER AND SERVANT—EXISTENCE OF RELATIONSHIP—INDEPENDENT CONTRACTOR.

Owner of truck who was engaged by dealer to deliver benzol and gasoline to retail trade, who was furnished with blank delivery slips, furnished with oil from dealer's supply, made out delivery ticket, delivered oil, collected pay therefor, and returned money to dealer, was employee rather than independent contractor.

2. EXPLOSIVES—BENZOL—NEGLIGENCE—QUESTION FOR JURY.

Whether several gallons of benzol, negligently spilled on ground few feet from plaintiff's building, was cause of explosion, on theory that it percolated through filled ground into basement, generated gas, and exploded when plaintiff went into basement several hours later and struck match, *held,* question of fact for jury.

3. SAME—EVIDENCE—CONJECTURE.

Finding of jury that benzol so spilled was cause of explosion, *held,* to rest upon something more substantial than mere conjecture or speculation.

4. SAME—EVIDENCE—TRIAL—INSTRUCTION.

Where defendant's theory that explosion might have been caused by illuminating gas because pipe for such gas passed through basement and had meter had no evidentiary support outside of expert opinion that effect of explosion of illuminating gas upon victims was similar to effect in present instance, trial court properly instructed jury that there was no evidence to support said theory.

5. SAME—CONTRIBUTORY NEGLIGENCE.

Where nothing inflammable was kept in basement, plaintiff was not guilty of contributory negligence in striking match therein.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 6, 1932. (Docket Nos. 51, 52, Calendar Nos. 35,192, 35,193.) Decided March 2, 1932.

On truckman, cartman and drayman as independent contractor, see annotation in 65 L. R. A. 468; 16 L. R. A. (N. S.) 816; 43 A. L. R. 1312.

Separate actions of case by James R. Lynn and John Wimbush against F. Leon Roberts and others for injuries received from an explosion alleged to have been caused by defendants' negligence. Verdicts and judgments for plaintiffs. Defendant Roberts appeals. Affirmed.

*Ritchie S. Barrie,* for plaintiffs.

*John E. Martz* (*Longley, Bogle & Middleton,* of counsel), for defendant Roberts.

WIEST, J. These two cases were tried as one with separate damages awarded. Plaintiff Wimbush owned and operated a gasoline filling station and ordered benzol from defendant. Mr. Roberts was engaged in selling benzol and gasoline to retail dealers at filling stations, and, to make deliveries of orders, he provided an owner of two trucks with tanks to be mounted thereon and paid the owner of the trucks a percentage commission for making deliveries and collecting and returning payments. The driver of one of the trucks made a delivery of benzol at the filling station of Mr. Wimbush on the 3d day of April, 1926, and, while doing so, carelessly spilled several gallons of the benzol upon the ground, a few feet from the building. At closing time that night Mr. Wimbush and plaintiff James R. Lynn went into the basement of the filling station to close up for the night, and plaintiff Wimbush struck a match and an explosion followed, seriously burning both men and wrecking the building. These suits were brought to recover damages for personal injuries and loss of earnings by both men, and by Mr. Wimbush for damages also to his building. Trial by jury resulted in verdicts for both plaintiffs, and defendant Roberts reviews by appeal. De-

fendant Roberts contended in the circuit court and makes renewal thereof here, that the owner of the truck was an independent contractor and therefore he is not liable to respond for the consequences, if any, arising out of the negligence of the driver of the truck. It appears that orders for benzol were given by retail dealers to defendant Roberts, and he communicated the same to the owner of the trucks, who was furnished with blank delivery slips, and that the truck driver, in filling an order, procured the benzol from a supply arranged for by Mr. Roberts, made out a delivery ticket, delivered the benzol, collected pay therefor, and returned the money to Mr. Roberts. The circuit judge held that the owner of the trucks was not an independent contractor. Upon this question many cases are cited by counsel for plaintiffs and defendant. We find it unnecessary to make review of such cases. The rule applicable to the facts in this case is found in *Dennis* v. *Sinclair Lumber & Fuel Co.*, 242 Mich. 89. In that case:

"Mr. Dennis was hired, with use of his truck, to deliver coal in retail quantities to customers of the lumber and fuel company. His every act was under direction and control of the company. The coal for delivery was selected by the company, weighed under its supervision, billed by the company, and delivered in each instance under its immediate direction, and, if not paid for before or at delivery, was brought back, and, if paid for on delivery, the money was brought to the company."

We held that Mr. Dennis was an employee and not an independent contractor. In the case at bar the owner of the truck was an employee of Mr. Roberts and not an independent contractor.

It was the claim of plaintiffs that the spilled benzol percolated through filled ground into the

basement and there generated an explosive gas. Defendant contended at the trial that there was no casual relation shown between the benzol spilled upon the ground and the explosion in the basement. The explosion occurred several hours after the benzol was spilled. The spilled benzol soon disappeared into the ground. The circuit judge very carefully instructed the jury that plaintiffs could not recover unless it was established by a preponderance of the evidence that the spilled benzol seeped into the basement and was the cause of the explosion. No gasoline or benzol had been kept in the basement, and plaintiff Wimbush at times worked there with a blow torch. We think the evidence presented a question of fact, and the finding of the jury rests upon something more substantial than a mere conjecture or speculation. A pipe for illuminating gas passed through the basement and had a meter, and defendant advanced the theory that the explosion might have been occasioned by illuminating gas. Outside of expert opinion to the effect of an explosion of illuminating gas upon victims, claimed to have been illustrated in this instance, there was no evidence to support the theory so advanced, and the court so instructed the jury. In this there was no error, for there was a total want of evidence of any escape of illuminating gas.

Defendant also claims that plaintiffs were guilty of contributory negligence in striking a match in the basement. Nothing inflammable was kept in the basement. There is no merit in the point. We find no reversible error.

Affirmed, with costs to plaintiffs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.