## THIRD DEPARTMENT, JANUARY, 1938.
### (January 12, 1938.)

FLORENCE CRONIN, as Administratrix, etc., of BARTLEY CRONIN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24027.)— Motion for leave to appeal as a poor person and to dispense with printing of record and brief, and to submit appeal on typewritten record and brief, granted; and Rosenblatt & Spielberg, of 154 Nassau street, New York city, are assigned to prosecute the appeal on behalf of the claimant in accordance with the provisions of rules 35 and 36 of the Rules of Civil Practice. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of HARRY MILLER, Respondent, against the STATE OF NEW YORK (REGISTER'S OFFICE, NEW YORK COUNTY), Respondent, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent. — Motion for order permitting corporation counsel of the city of New York to file brief as amicus curiæ granted. [See ante, p. 182.] Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of LEE SOUDEN, Respondent, against VICTOR PRESERVING Co. and LIBERTY MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion to dismiss appeal granted, without prejudice to an application to reinstate the same if the proposed settlement is not approved by the State Industrial Board, without costs. The court finds no authority for the refusal of the State Industrial Board to entertain the application for ratification of the proposed settlement. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of ALPHONSE SAILE, Respondent, against JOSEPH CASHIER Co., INC., and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, with two associates, attached shingles to the side of buildings at the agreed price of four dollars per square. There is direct proof that claimant was an employee. Appellant employer furnished all materials, a part of the tools, its foreman directed claimant as to the manner in which the work was to be done and furnished a truck to transport him and his tools from job to job. Claimant was an employee. (Hexamer v. Webb, 101 N. Y. 377; Matter of Beach v. Velzy, 238 id. 100; Matter of Pierce v. Bowen, 247 id. 305.) The fact that claimant received a lump sum for each square is not controlling. (Fancher v. Boston Excelsior Co., 235 N. Y. 272.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.