UNIVERSAL CARLOADING AND DISTRIBUTING CO., INC. *v.*
McCALL ET AL.

[No. 16,200. Filed February 14, 1940.]

*Otis S. Romine,* for appellant.

*Arnold & Degnan, Walter R. Arnold,* and *Harry Brownstein,* for appellees.

STEVENSON, J.—This action was brought by Ralph McCall and the Agricultural Insurance Company of Watertown, New York, appellees herein, against the Universal Carloading and Distributing Company,

Inc., the appellant herein, and one Carl Grunwald, for damages due to their negligence in operating a motor vehicle which resulted in a collision with a motor transport being operated at the time by appellee Mc-Call. McCall asserts right to property damage, and the appellee Agricultural Insurance Company claims right to property damage under subrogation.

At the time of the collision, Grunwald was hauling freight for the appellant, Universal Carloading and Distributing Company, Inc., from Chicago to Cleveland. The appellant herein does not question the fact that the collision was due to the negligence of Grunwald. It contends on appeal that the damages assessed are too large and that at the time of the collision, Grunwald was not the agent or servant of the appellant but was an independent contractor. These contentions are both discussed under the general assignment of error in overruling appellant's motion for new trial.

The appellee, Agricultural Insurance Company of Watertown, New York, contends that the appellant's brief is insufficient to present any question. We have had some difficulty in determining the appellant's contention from the propositions and authorities advanced, but since neither of the briefs are long, we will discuss the merits of this case on the questions which the appellant attempts to present. The appellant first contends that the amount of recovery as to the appellee Ralph McCall is too large. The appellant contends that since the appellee was required to spend only $145.00 in order to obtain repairs to his truck that such was the amount of his damage, and that the judgment awarding him $495.00 was too large. There is testimony in the record to the effect that the truck immediately before the accident was worth $1,900.00 and immediately after the acci-

dent was worth $1,500.00. There is further evidence to the effect that the appellee was compelled to pay $45.00 to remove the wreckage from the highway and that he was compelled to rent a trailer at $5.00 per day for two or three weeks.

With this evidence in the record as to the damages sustained, we cannot say that the decision of the court was erroneous. The proper measure of damages for injuries to property is the difference in the value of the property immediately before and immediately after the injury. To this may also be added any amounts reasonably expended as a proximate result of the wrongful act. *New York Central R. Co.* v. *Reidenbach* (1919), 71 Ind. App. 390, 125 N. E. 55; *Lake Erie, etc., R. Co.* v. *Molloy* (1922), 78 Ind. App. 72, 134 N. E. 913.

The appellant also contends that at the time of the collision, the said Carl Grunwald was not driving as the agent or servant of the appellant but was an independent contractor. On this issue, the record discloses that the appellant was engaged in the business of transporting freight from one place to another for the public generally. The appellant employed operators who drove their own trucks to destinations as directed by the appellant. These trucks were loaded by the appellant's servants at various loading docks operated by the appellant and, after being loaded, the truck was sealed by the appellant and the driver was given the way bill which showed the destination for the merchandise. The load was delivered to the place designated by the appellant, where the appellant's servants broke the seal and unloaded the contents. The driver Grunwald carried on his truck the name of the appellant and immediately after the accident telephoned the appellant who sent another man to pick up the load. Grunwald was paid a carry-

ing charge of a fixed sum per hundredweight. Under these facts, it is our opinion that the said Grunwald was not an independent contractor at the time of the alleged collision.

Facts very similar to the case at bar were before this court in the case of *Lower Vein Coal Co.* v. *Moore* (1923), 80 Ind. App. 53, 137 N. E. 887. In this case the appellee Moore was hauling coal for the appellant, delivering such coal to its customers and using his own wagon and team. The appellee got his orders or directions for the delivery of coal from the appellant's office, the coal was loaded into the appellee's wagon by the appellant's servants and the appellee drove to the various places directed by the appellant. Our court held under these facts that there was ample evidence to prove the relation of master and servant between the parties.

The same situation prevails in the case of *Grace Construction Co.* v. *Fowler* (1926), 85 Ind. App. 263, 153 N. E. 819, where Fowler furnished his own conveyance and was paid for hauling stone and sand from the appellant's material yard to various street paving jobs. On this subject our court held that (p. 266):

"The evidence given on the hearing shows, without contradiction, that at the time Fowler was killed, he was hauling material to be used by the appellant in its work of improving Cornell avenue, in the city of Ft. Wayne, from the yards of appellant, using a small truck which belonged to his wife, the appellee herein; that he was paid by the appellant for the hauling which he did, by the load, the price paid for such hauling depending upon the distance the said materials were hauled. This falls far short of making the deceased a 'contractor' within the meaning of the law, and when we consider the testimony of one of the officers of appellant company that, under Fowler's employment, they had the right to discharge

him at any time, we conclude that appellant's contention in this behalf is not well taken."

Facts almost identical to the case at bar are found in the case of *Eber et al.* v. *Bauer et al.* (1930), Mich. 233 N. W. 419, 420. The court in laying down the rule governing the relationship between the parties said:

"The defendant Bauer was the owner of the truck which he was driving. He lived in Chicago. On February 11, 1927, he entered into a written contract with the transit company, ... It is urged that the services he performed thereunder were not as an employee, but as an independent contractor. The transit company was engaged in the delivery business. Bauer made trips for it from Chicago to points in Michigan and other states. He received instructions at the company's office in Chicago as to what merchandise or goods he should take, where to go for them, and where to deliver them. That he used his own truck instead of one furnished by the company did not change his status. The facts in this case are so nearly similar to those in *Dennis* v. *Sinclair Lumber & Fuel Co.*, 242 Mich. 89, 218 N. W. 781, that decision is controlled thereby. The trial court was clearly right in holding that Bauer was an employee of the transit company."

In the light of these authorities it is our opinion that there was sufficient evidence to sustain the verdict of the jury in finding that the said Grunwald was an employee of the appellant at the time of the injuries complained of. The court was not in error in overruling the appellant's motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.