**INDIANA MOTORCYCLE ASSOCIA-TION, John Buffaloe and Tony Ford, Defendants-Appellants,**

v.

**Joseph E. HUDSON and Emmajane Hudson, Plaintiffs-Appellees.**

No. 1–479A121.

Court of Appeals of Indiana, First District.

Jan. 29, 1980.

William K. Steger, and William H. Kelley, Bloomington, for defendants-appellants.

Robert D. Mann, N. Kirkpatrick Brown, Bloomington, for plaintiffs-appellees.

NEAL, Judge.

Defendants-appellants Indiana Motorcycle Association (IMA), John Buffaloe (Buffaloe), and Tony Ford (Ford) appeal from a verdict in a bench trial in which plaintiffs-

appellees Joseph E. Hudson and Emmajane Hudson (Hudsons), husband and wife, were awarded $5,350 in compensatory damages.

Two issues are raised for our review: 1) Whether the decision of the trial court was contrary to law in granting the Hudsons compensatory relief in the absence of a showing that any of the trespassers on the Hudsons' land were acting within the control or authority of the defendants.

2) Whether the award of $5,350 in damages to the Hudsons was excessive and contrary to law.

We affirm in part and reverse in part.

The evidence most favorable to the judgment is as follows:

The parties owned adjoining tracts of land which were separated by fencing with the exception of one boundary which was identified by a plow ridge. Buffaloe, Ford, and another man purchased their land in 1970 and deeded it to IMA shortly before IMA's incorporation. At that time Buffaloe and Ford were incorporators, directors and officers of IMA, and it appears that they were the leadership of the corporation until it was dissolved in 1976. In March 1978, the land was transferred to Buffaloe and Ford.

Joseph Hudson testified that trespassing motorcyclists made trails on his land forming ruts several inches deep. Signs and paint were placed on plaintiffs' trees as trail markers. Trees planted as part of a forestry program were destroyed. Fences were torn down, and as a result, Hudson lost $1,800 of income since he was unable to rent pasture land or keep cattle of his own. Hudson's son who also lived on the property, testified that on occasion motorcyclists had ridden through his yard. In one instance Hudson photographed trespassing motorcyclists who identified themselves as members of IMA. Also, Buffaloe testified that three IMA members were arrested for trespassing on the Hudsons' property. Nonmembers were arrested on the Hudsons' land as well. When trespassers were discovered by IMA members on IMA land, they were given the option of leaving or joining IMA on the spot by paying the $5.00 membership fee. Also, IMA sent a letter to members and nonmembers encouraging use of the IMA land.

■ Buffaloe and Ford argue that they cannot be held liable as directors and shareholders for the wrongs of the corporation. However, they failed to raise that issue in their motion to correct errors so we will not address that argument on appeal. Ind. Rules of Procedure, Trial Rule 59(G).[1]

I.

■ On an appeal from a trial before the court, we will not disturb the judgment of the trial court unless that judgment is shown to be clearly erroneous. *Tarrant v. Self*, (1979) Ind.App., 387 N.E.2d 1349.

The pertinent part of the trial court's judgment reads as follows:

"6. That the Plaintiffs are entitled to a permanent injunction against the Defendants, individually and jointly, to enjoin them from *allowing* their real estate, hereinabove described, to be used in a manner by members of the Indiana Motorcycle Association or others so that said Defendants, the members of the Indiana Motorcycle Association, or others trespass upon or damage the Plaintiffs' land by causing waste thereon." (Emphasis added.)

■ Defendants' main contention is that the trial court's decision was contrary to law since there was no indication that any of the trespassers on the Hudsons' land were under their authority or control. The evidence clearly shows, however, that IMA members trespassed on the Hudsons' land. Thus, the court's finding that IMA is liable in trespass is not clearly erroneous.

■ Defendants argue that the judgment makes them insurers of plaintiffs' land, but the judgment indicates that defendants are simply required not to allow persons to trespass on plaintiffs' land. Obviously, defend-

1. *See* Ind. Rules of Procedure, Trial Rule 59(D)(1) and (2) effective January 1, 1980.

ants cannot completely prevent trespassers from coming onto their land. However a reasonable interpretation of the injunction would be that defendants are liable for members and invitees, and defendants need only take reasonable steps such as maintaining fences and posting signs to show that any trespassers on their land are there without their permission. Thus, we cannot say that the decision of the trial court was contrary to law.

Plaintiffs argue that the activities of defendants constituted a nuisance. Defendants contend that plaintiffs cannot shift the theory of their case from trespass to nuisance on appeal. However, this court will affirm the judgment of the trial court on appeal if the decision can be sustained on any theory. See Monarch Indus., etc. v. Model Coverall Service, (1978) Ind.App., 381 N.E.2d 1098.

A nuisance has been defined as follows:

"A nuisance, in contemplation of law, literally is an annoyance, and signifies such a use of property or such a course of conduct as, irrespective of actual trespasses against others, or of malicious or actual criminal intent, transgresses the just restriction on the use of property or the conduct of business due to the limitation which the law imposes on the enjoyment of property, where it interferes with the rightful enjoyment of the property of others. The term 'nuisance' is applied to anything injurious to health, or indecent or offensive to the senses, or which is an obstruction to the free use of property, so as to interfere essentially with the comfortable enjoyment of life or property, . . ." (Footnotes omitted.)

22 I.L.E. Nuisance § 1 (1959), and

". . . as a general rule, every unlawful use by a person of his own property in such a way as to cause material annoyance, discomfort, or hurt to other persons or the public generally, and every enjoyment by one of his own property, which violates the rights of another in an essential degree, constitutes a nuisance, . . ." (Footnote omitted.)

22 I.L.E. Nuisance § 4 (1959). Every man must use his property so as not to interfere with the property of his neighbor. Albright v. Crim, (1933) 97 Ind.App. 388, 185 N.E. 304.

We agree with defendants that a motorcycle club is not a nuisance per se. Lykins v. Dayton Motorcycle Club, Inc., (1972) 33 Ohio App.2d 269, 294 N.E.2d 227. However, those engaged in an activity which might be a nuisance are required to properly manage the activity by using ordinary care and maintaining a proper regard for the rights of others. Owen et al. v. Phillips et al., (1881) 73 Ind. 284. It was within the power of defendants to post signs and maintain their share of the fence around the property. Members and non-members alike were invited to use the land, and the evidence is clear that members and nonmembers were found on the Hudsons' property. The harassment of plaintiffs was the result of a gathering of motorcycle riders encouraged and sponsored by defendants. Under the law of nuisance defendants were required to use their property so as not to interfere with their neighbors. They did not. There was evidence that membership was extended to anyone who had $5.00, even trespassers. No screening of members was involved. Little or no control was exercised. Thus, the mismanagement of the IMA property developed into a nuisance in fact for which an injunction and damages were properly granted. Friendship Farms Camps, Inc. v. Parson, (1977) Ind.App., 359 N.E.2d 280.

II.

Defendants claim that the award for damages of $5,350 to the Hudsons was excessive and contrary to law. They assert that the damages were excessive since the amount was larger than the damages sought in the complaint. However, we are cognizant that in a civil action, recoverable damages are governed by evidence brought forth at trial which may differ from the relief sought in a party's

pleadings. *Utica Mut. Ins. Co. v. Ueding*, (1977) Ind.App., 370 N.E.2d 373. When we consider a claim of excessive damages, we will not disturb the award unless it is beyond the purview of the evidence, or unless passion or prejudice motivated the award or improper evidence was considered. *Friendship Farms Camps, Inc., supra.*

■ The Hudsons introduced evidence at trial which showed that they had lost $1,800 in pasture rental income. They also testified that they lost 100 trees which had cost 20 cents each when they were planted. The Hudson's brief contains computations of damages for the decreased value of their damaged land and the loss of 100 ten-year-old trees, but that evidence was not introduced at trial. When injury to real estate is not permanent, the damages are measured by the cost of restoration. *General Outdoor Adv. v. LaSalle Rlty.*, (1966) 141 Ind.App. 247, 218 N.E.2d 141. However in the case at bar the Hudsons did not introduce the cost of restoration into evidence nor did they show the difference in market value before and after the injury to the trees. *Universal Carloading & Distributing Co. v. McCall*, (1940) 107 Ind.App. 479, 25 N.E.2d 253.

■ The Hudsons also claimed an unspecified amount of damages for the "grief" they suffered as a result of defendants' activities. It is the general rule that a person cannot recover damages for mental suffering unless he sustains physical injury. *Charlie Stuart Oldsmobile, Inc. v. Smith*, (1976) Ind.App., 357 N.E.2d 247. The Hudsons made no showing of any physical injury caused by defendants.

■ The most important element of this action, the injunction, is affirmed, but we reduce the damage award to $1,820, the amount of damages within the scope of the evidence introduced at trial.

For the reasons stated above, the decision of the trial court is affirmed in part and reversed and remanded in part for a reduction in damages not inconsistent with this opinion.

Affirmed in part; reversed and remanded in part.

ROBERTSON, P. J., and RATLIFF, J., concur.