In the Matter of the Claim of BESSIE PEAKE and CECIL PEAKE, Widow and Child, Respectively, of IRVING PEAKE, Deceased, Respondents, for Compensation under the Workmen's Compensation Law, v. FRED W. LAKIN, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — relation of claimant to defendant.*

Appeal from an award of the State Industrial Commission, made on the 31st day of May, 1916.

Award affirmed. All concurred, except Lyon, J., who dissented in memorandum, in which Cochrane, J., concurred.

---

* See Consol. Laws, chap. 67 (Laws of 1914, chap. 41), § 3, subds. 7, 8.
— [REP.

LYON, J. (dissenting): I do not think the evidence and the findings of the Commission warrant treating Peake as an employee of Lakin. The contract was let by Lakin to Mallory to cut, peel and deliver the bark on the cars for five dollars per ton. Mallory made an arrangement with Peake and another to assist him in the work. Had Lakin paid Mallory the contract price upon the completion of the job, and Mallory have neglected to pay Peake, the latter could not have recovered pay for his services from Lakin. The mere fact that Mallory was expected to take on whatever assistants he might need, would apply to any contract where concededly the contractor could not be expected to do the work single-handed. The facts seem to be substantially the same as in the case of *Bobbey* v. *Crosbie* (8 B. W. C. C. 236), in which it was held that there was no contract of service between the claimant and the alleged employer. I think the award must be reversed. Cochrane, J., concurred.