Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MAX ABROMOWITZ, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HUDSON VIEW CONSTRUCTION COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, June 30, 1919.

**Workmen's Compensation Law — employee — independent contractor.**

Where a claimant, having been employed by a manufacturer of awnings and having worked by the day a greater part of the time at piece work, was engaged by the owner of apartment houses to remove the awnings from certain specified houses, said owner retaining the right to discharge him and to control and direct the method of performing his work, said claimant was properly held to be an employee of the owner and not an independent contractor.

COCHRANE, J., dissented.

APPEAL by the defendants, Hudson View Construction Company and another, from an award of the State Industrial

Commission, made and entered in the New York city office of said Commission on the 16th day of January, 1919, and also from a further award and order made and entered in said clerk's office on the 7th day of March, 1919, affirming the prior award.

*Philip J. O'Brien* and *Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Charles D. Newton,* Attorney-General [*E. Clarence Aiken, Deputy Attorney-General,* of counsel], for the respondents.

LYON, J.:

The decision of this appeal depends upon whether the claimant was an employee of the Hudson View Construction Company, or an independent contractor.

The construction company was the owner and engaged in the maintenance and care of apartment houses in the city of New York, one of which was at 884 Riverside Drive. On such apartment houses were several thousand awnings which were put up and taken down each year. On September 23, 1918, while the claimant was engaged in taking down an awning at 884 Riverside Drive, he lost his balance and fell from the third story to the ground, and sustained injuries which disabled him from working from that date to December 2, 1918, at which time he was still disabled. The State Industrial Commission awarded him compensation for ten weeks at the rate of fifteen dollars per week, and continued the claim for further hearing. From such award this appeal has been taken.

From April, 1918, the claimant had been employed by Benjamin Feinberg, a manufacturer of window shades and awnings, as an awning hanger and remover, working by the day, and a greater part of the time at piece work. In September, 1918, Feinberg at the office of the construction company had a conversation in which it was stated to him that the construction company wanted all the awnings removed from its apartment houses, and asked him if he could send the same man who took them off before. Feinberg said he did not know where the man was, but that he had a good man whom

he could recommend who would take the awnings down and charge them ten cents an awning, because that is what he paid him.   Feinberg told claimant of the conversation and sent him to the construction company, telling him to go and look at the job and see if he wanted to take it on himself.   He went to the construction company and said to them that he was the man whom Feinberg had sent about the awnings, and Mr. Freidman, the representative of the construction company, told him to go ahead, and for each awning he removed he got ten cents.   He was told what house to work on.   Claimant had pliers with him and went to work, and the eighth day the accident happened.   He was taken to the hospital.   He said no one came to see him and he did not know who was responsible; and he called up Feinberg to ask him whom he worked for and Feinberg told him he was working for Freidman. The claimant testified he had worked for other people on the same terms, and after he had finished working for Freidman, he would have gone back to Feinberg to find whether he had any work for him.   The claimant had never worked for the construction company before.   He could work such hours as he pleased.   The construction company simply designated the houses where he was to take down awnings, and retained the right to discharge him in case he did not do his work properly. The claimant was not the regular employee of any person, but worked for any one needing his services.   The claimant testified: " I couldn't go and get anybody to put on the job, because Mr. Freidman wouldn't have let me.   He could have discharged me any time he wanted to."

From the evidence in the case the Commission could find that the Hudson View Construction Company retained the control and direction of the details and method of performing the work, and could discharge the claimant if he disobeyed its orders.

The Commission having found that the construction company was the employer and there being evidence to support such finding, the award should be affirmed.

All concurred, except COCHRANE, J., dissenting.

Award affirmed.