Before STATE INDUSTRIAL BOARD, Respondent.

LEO A. BEACH, Claimant, Respondent, *v.* FRANK E. VELZY and Another, Appellants.

Third Department, November 15, 1923.

Workmen's compensation — relation of parties — claimant agreed to roof building at stipulated price per hour and assume all liability for accidents — claimant worked under supervision of husband of owner — claimant was not independent contractor — Industrial Board was justified in not opening case after award made and appeal taken for purpose of receiving further evidence that claimant was independent contractor.

A claimant is an employee and not an independent contractor, where it appears that he entered into a contract to roof a building at a stipulated price per hour for his services and agreed to assume all liability for accidents; that the material was furnished by the owner of the building and the tools and appliances by the claimant, and that the husband of the owner of the building helped the claimant and directed the work.

The State Industrial Board was justified in refusing to open the case after the award had been made and an appeal therefrom taken to permit the employer to introduce additional testimony tending to show that the claimant was an independent contractor.

H. T. KELLOGG and HINMAN, JJ., dissent.

APPEAL by the defendants, Frank E. Velzy and another, from an award of the State Industrial Board, made on the 14th day of November, 1921, and also from decisions affirming said award made on the 6th day of March, 1922, and the 9th day of May, 1922, respectively.

*Timerman & Timerman* [*Clark H. Timerman* of counsel], for the appellant.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J.:

The principal question in the case is whether or not the claimant was an independent contractor. The wife of the appellant Frank E. Velzy owned a four-family apartment house. The appellant did the business in respect to this house for his wife. The claimant had been working for Rundell & Weigel, contractors, as foreman of the job, and as such had put a new roof upon the apartment house, except the front slope of the building. The appellant then talked with the claimant and asked him if he would finish the roof. As a result of the conversation this paper was drawn up by the appellant:

" BUFFALO, N. Y., *May 11th,* 1921.

" CORA B. VELZY:

" DEAR MADAM.— I agree to put new roof on a part of your building, 251–253 Lexington Avenue at the rate of 85c per hour and to assume all liability for accidents to myself and release you from any claims on that account, should an accident occur.

" Yours truly,

" (Signed)     L. A. BEACH."

(No question is raised because this writing is addressed to Mrs. Velzy.) The appellant was to furnish the materials and the claimant to furnish the tools and appliances. They went together and the appellant purchased the materials which the claimant advised him were necessary. The claimant bought the ladders and brackets and tools. The brackets and ladders he purchased for any job he could get; he then intended to get jobs as a roofing contractor if possible. In doing the work he used the ladders and the tools which he had purchased and put on the materials furnished by the appellant. He says that, in doing the work, Mr. Velzy and a boy helped him. The boy was paid by Mr. Velzy. Claimant had charge of the work outside of what Mr. Velzy showed him. Claimant testifies he, Velzy, offered suggestions and told him what he wanted; Velzy was the boss of the job and claimant was working for him. Velzy was at the house mornings. It may well be found that he had supervision over the claimant. No time was fixed within which the job should be finished. It was not a lump sum job. Claimant was hired to do the work at eighty-five cents an hour, subject to the directions of the employer, and was required to give an honest day's work and was subject to discharge if he failed to give faithful service.

We think the conclusions reached by the State Industrial Board were justified by the record. (*Matter of Fancher* v. *Boston Excelsior Co.,* 235 N. Y. 272; *Abromowitz* v. *Hudson View Const. Co.,* 188 App. Div. 356; affd., 228 N. Y. 509; *Matter of Peake* v. *Lakin,* 221 id. 496.)

After the award was made and the appeal taken, the attorney for appellant appeared before the State Industrial Board and asked that he be allowed to call another witness to show that claimant went to certain dealers when procuring materials, and stated that he was a roofing contractor and got the discount which is given to contractors in that business. The State Industrial Board refused to open the case and said: " Inasmuch as it has been conceded by the claimant that he intended eventually to undertake roofing contracts it may very well be that he did represent himself

as a contractor when making purchases, but that does not affect his status in his present claim." The Board was justified in refusing to open the case after the award had been made and an appeal taken.

The award should be affirmed, with costs to the State Industrial Board.

HASBROUCK and McCANN, JJ., concur; H. T. KELLOGG and HINMAN, JJ., dissent on the authority of *Ball* v. *Estate of Bertelle* (201 App. Div. 768).

Award affirmed, with costs in favor of the State Industrial Board.