In the Matter of the Claim of LEO A. BEACH, Respondent, against FRANK E. VELZY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Appeal — when Court of Appeals may determine as matter of law whether evidence sustains award made under Workmen's Compensation Law — " independent contractor " defined — when evidence does not justify finding that claimant was engaged as " employee."

1. Where an award under the Workmen's Compensation Law has been affirmed by the Appellate Division by a divided court and the case presents no conflict of evidence, the Court of Appeals may determine as matter of law whether the evidence sustains the award.

2. An independent contractor is one who agrees to do a specific piece of work for another for a lump sum or its equivalent, who has control of himself and his helpers, as to when, within a reasonable time, he shall begin and finish the work; as to the method, means or procedure of accomplishing it; and who is not subject to discharge because he does the work as to method and detail in one way rather than another.

3. The evidence does not justify a finding of the state industrial commission that claimant was engaged as an employee of appellant within the meaning of the Workmen's Compensation Law, where it appears therefrom that claimant, a roofer, had offered to put a new roof upon part of appellant's building at a fixed rate per hour, to assume all liability for accidents to himself and to furnish ladders, tools and equipment, appellant to furnish the materials, which proposal appellant accepted, whereupon claimant went to work upon the job, during the course of which he fell and was injured. The doctrine of liability without fault should not be stretched beyond the limits established by the legislature in order to cover cases of hardship which are not provided for.

4. When claimant undertook to assume all liability for accidents to himself he took the position of an independent contractor and not of an employee.

5. When he undertook to do a definite piece of work, furnishing appliances therefor, and appellant reserved no authority to discharge him for disobeying orders as to details and method, claimant representing the will of appellant only as to the result of the work, he became an independent contractor.

6. The facts that the work was to be paid for by the hour, that appellant gave some directions, not as to method or means of doing the work, but as to the work to be done, and that appellant and a boy helped in a trivial way on the work, do not change the relation of the parties. (*Matter of Fancher* v. *Boston Excelsior Co.*, 235 N. Y. 272; *Matter of Abromowitz* v. *Hudson View Construction Co.*, 188 App. Div. 356; affd., 228 N. Y. 509; *Matter of Peake* v. *Lakin*, 221 N. Y. 496; *Woods* v. *Tupper Lake Chemical Co.*, 221 N. Y. 660, distinguished.)

*Beach* v. *Velzy*, 206 App. Div. 563, reversed.

(Argued April 1, 1924; decided April 15, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 5, 1923, affirming an award of the state industrial board made under the Workmen's Compensation Law.

*C. H. Timerman* for appellant. The claimant was an independent contractor and does not come within the terms of the Compensation Law of the state. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Litts* v. *Risley Lumber*

*Co.*, 224 N. Y. 321; *Matter of Kender* v. *Reineking*, 228 N. Y. 240; *Svolos* v. *Marsh & Co.*, 186 N. Y. 689; *Bell* v. *Bertelle*, 195 N. Y. Supp. 150.)

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondent. This is a not a case of independent contract. There was a definite hiring at eighty-five cents an hour. (*Fancher* v. *Boston Excelsior Co.*, 235 N. Y. 272; *Abromowitz* v. *H. V. Construction Co.*, 188 App. Div. 356; 228 N. Y. 509; *Woods* v. *Tupper Lake Chemical Co.*, 221 N. Y. 660; *Peake* v. *Larkin*, 221 N. Y. 496; *Claremont* v. *De Coss*, 220 N. Y. 671; *Peck* v. *Tassel & Fairbanks*, 193 App. Div. 604.)

Pound, J. An award of the state industrial board has been made to claimant on the theory that he was when injured a person engaged as an employee of the appellant in the hazardous employment of roofing. This award has been affirmed by the Appellate Division by a divided court.

The question is whether claimant's status was that of employee or independent contractor. Did the appellant, desiring a specific thing to be done, hire claimant to do it, retaining control over him and directing his work, or did he let the job by contract, stipulating merely that it should be done in accordance with certain specifications, but retaining no control over the contractor, or over his methods of work? Did he create a status which would make him generally responsible for the acts of claimant in the course of the business or did he not? The case presents no conflict of evidence on this point and it is for this court to determine as matter of law whether the evidence sustains the award.

The appellant was a real estate and insurance broker. He was also the owner of a four-family apartment house. He occupied one apartment as his home and rented the other three. Contractors had put a new roof on a part

of the house but their contract did not cover the front slope.   Claimant was a roofer who had done some work on the roof for the contractor.   He made a proposition in writing to appellant as follows:

" I agree to put new roof on a part of your building 251–253 Lexington Avenue at the rate of 85¢ per hour and to assume all liability for accidents to myself and release you from any claims on that account, should an accident occur.

" Yours truly,<br>
" (Signed)    L. A. BEACH."

He agreed to furnish ladders, tools and equipment. Appellant agreed to furnish the materials.   The estimated cost of the work was $109.   Appellant accepted the proposal and claimant went to work on the job on or about May 12, 1921.   On May 17, while at work, he slipped and fell to the ground and sustained serious injuries for which the award was made.

The common-law definition of " independent contractor," as set forth in *Hexamer* v. *Webb* (101 N. Y. 377, 383) and many other cases, has been adopted in compensation cases.   (*Matter of Litts* v. *Risley Lumber Co.*, 224 N. Y. 321.)   It is in substance as follows:

The independent contractor is one who agrees to do a specific piece of work for another for a lump sum or its equivalent who has control of himself and his helpers, as to when, within a reasonable time, he shall begin and finish the work; as to the method, means or procedure of accomplishing it; and who is not subject to discharge because he does the work as to method and detail in one way rather than another.   In the relation of employer and employee the employer has control and direction not only of the work as to its result but as to the details and method of doing the work and may discharge the employee for disobeying such control and direction.   Measured by these tests the evidence does not justify the finding of the

commission that claimant was engaged as an employee of appellant within the meaning of the Workmen's Compensation Law.

*First.* No agreement by an employee to waive his right to compensation is valid. (Workman's Compensation Law [Cons. Laws, ch. 67], § 32.) When claimant undertook to assume all liability for accidents to himself he took the position of an independent contractor and not of an employee. While this feature of the case is not conclusive, it tends to show that claimant regarded himself as a contractor and not a mere employee of appellant.

*Secondly.* While the amount involved is small, the claimant's undertaking was to perform a definite piece of work on the building for the owner, furnishing therefor such appliances, however simple, as the work required. Claimant was a skilled workman and a roofing contractor in a modest way. The result he agreed to accomplish was the completion of the roof. If he failed without cause to complete what he agreed to do, the appellant might hold him liable for damages but appellant reserved no authority to discharge him for disobeying his orders as to details and method. Claimant represented the will of appellant only as to the result of the work. He was, therefore, an independent contractor.

*Thirdly.* That the work was to be paid for by the hour could make no difference. It did not give the appellant control over the job. That appellant gave some directions, not as to method or means of doing the work, but as to the work to be done, does not change the relation of the parties. He did little more than to furnish some verbal specifications for the roofing, leaving to claimant control over the time, method and means of doing the work. The evidence that appellant and a little boy helped in a trivial way on the work is negligible. I do not convert an independent contractor into an employee if I help him move his ladders or if I allow a small boy to amuse himself by giving volunteer assistance, or if

the contractor tolerates my interference and advice as to how and when the work shall be done.

The cases relied on by claimant are readily distinguishable. In *Matter of Fancher* v. *Boston Excelsior Co.* (235 N. Y. 272) claimant cut wood for the employer at four dollars and fifty cents a cord. The employer at all times had supervision over him and could discharge him at any time. In *Abromowitz* v. *Hudson View Construction Co.* (188 App. Div. 356; affd., 228 N. Y. 509) the employee was subject to discharge if he disobeyed orders as to the details and method of performing the work. In *Matter of Peake* v. *Lakin* (221 N. Y. 496) the question of fact was whether claimant was an employee of Lakin, the defendant, who had a contract with a third party to peel and load certain bark, or a co-contractor with Lakin. It was held that he was an employee of the defendant. Much the same question of fact was presented in *Woods* v. *Tupper Lake Chemical Co.* (221 N. Y. 660) and resolved adversely to the contention of the defendant.

Owners of apartment houses and other owners of residence property must at times call in painters, carpenters, masons, plumbers and other skilled workmen to work. Such work is ordinarily done by the job. If the job is a large one, calling for many laborers and elaborate appliances and tools to be furnished by him with whom the agreement to do the work is made, no one would seriously contend that the property owner thereby becomes an employer of labor as such. If one man undertakes a similar task with a meager equipment of appliances and tools, the distinction remains and must be recognized. If the property owner employs men to work for him without reference to any given piece of work and under his direction and control, he knows that he is an employer of labor and is in a position to protect himself from liability for injuries sustained by them in the course of their employment. The doctrine of liability without fault should not be stretched beyond the

limits established by the legislature in order to cover cases of hardship which are not provided for.

The order of the Appellate Division and award of state industrial board should be reversed and the claim dismissed, with costs against the state industrial board in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., not voting.

Order reversed, etc.