THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PINCUS GREENSTEIN, Appellant.

Second Department, January 29, 1926.

Crimes — violation of Workmen's Compensation Law, § 52, in failing to procure compensation — defendant, truckman, took three men to help him move furniture — custom determined whom he should take and compensation — proof does not show employment by defendant of injured man — conviction reversed.

The conviction of the defendant for an alleged violation of section 52 of the Workmen's Compensation Law based on his alleged failure to secure the payment of compensation to an employee must be reversed, since it appears that the defendant is engaged in the moving business and owns a truck for use in that business; that by the custom prevailing in that business, when assistants are desired, the truck owner must select them in the order in which they are waiting employment and has no discretion as to which men he shall take; that by the same custom the compensation to be paid to the helpers is fixed; and that there is no evidence that the defendant had any control over the men employed to help move the furniture.

The evidence, therefore, does not show any contract of employment by the defendant of the injured employee.

RICH, J., dissents.

APPEAL by the defendant, Pincus Greenstein, from a judgment of the Court of Special Sessions of the City of New York, Borough of

Second Department, January, 1926. [Vol. 215

Brooklyn, entered on the 30th day of March, 1925, convicting him of a violation of section 52 of the Workmen's Compensation Law, in that he failed to secure the payment of compensation to George Feeney, his employee.

*Louis Horwitz*, for the appellant.

*Henry J. Walsh, Assistant District Attorney* [*Charles J. Dodd, District Attorney*, with him on the brief], for the respondent.

JAYCOX, J. People engaged in the moving business wait for employment at the corner of Leonard and Moore streets in the borough of Brooklyn, city of New York. Of the people thus waiting for employment some have trucks and some have not. Persons desiring to have furniture, or other articles, moved, go to the man with a truck and make with him an arrangement for the removal of the furniture or other articles. This truckman then takes from those without trucks, who are awaiting employment, sufficient men to perform the labor of moving the furniture or other articles. The truckman has no right, according to the custom prevailing, of selecting the men who are to go with him. He takes them as they stand near his truck. For the job the truckman is paid a gross sum, and this sum is divided between the truck, the truckman and the other men engaged in doing the work. As to these facts there is no controversy in this case, the only disagreement between the witnesses being as to the manner in which the money paid for the job is divided. In this particular case the total amount to be divided was twenty-five dollars. One witness claims that the truck and the man with it received one-half of the amount and the balance was divided between the three men who helped on the job. The other witness claimed that a piano, which they were moving, was damaged to the extent of four dollars and twenty-five cents; that this amount was deducted and the balance divided equally between the four men and the truck. The exact method of division seems immaterial to the question here. The question is, was Feeney in the employ of the defendant Greenstein within the provisions of the Workmen's Compensation Law.

According to the testimony the defendant had no power in the selection of those who should assist him in the work. He did not fix the compensation that the men who worked with him should receive. Those details were all fixed by the custom of the business and it is not shown that in the prosecution of the work the man who drove the truck had any control over the others as to the details and method of doing the work, or that he had any power to discharge them for disobeying such control and direction. I, therefore, am of the opinion that the People failed to establish the employment

of Feeney by the defendant. (*Matter of Beach* v. *Velzy*, 238 .N. Y. 100.)

This case seems to be closely analogous to *Peake* v. *Lakin* (176 App. Div. 917; affd., 221 N. Y. 496). In that case "The contract was let by Lakin to Mallory to cut, peel and deliver the bark on the cars for five dollars per ton. Mallory made an arrangement with Peake and another to assist him in the work." Peake was injured and it was held that he was in the employ of Lakin. Lakin's connection with that contract was similar to that of the owner of the furniture in this case. It was testified in that case, " We (three men) were working under a partnership agreement and there was no boss, each doing his share of the work." The situation as between the workmen seems to have been the same here, and I can see no reason for holding that one of the workmen was the employer of the others.

The judgment of conviction should be reversed and the information dismissed.

KELLY, P. J., MANNING and YOUNG, JJ., concur; RICH, J., dissents.

Judgment of conviction of the Court of Special Sessions, Borough of Brooklyn, reversed upon the law, and information dismissed.