Herman Greenberg, Appellant, *v.* Isaac Sommer and Others, Respondents.

First Department, April 30, 1926.

Negligence — action at common law to recover for personal injuries — defense that plaintiff's exclusive remedy was under Workmen's Compensation Law not sustained — defendants hired third person to paint at twenty-one dollars per day under agreement that said third person would engage helper — plaintiff was hired by third person as helper — third person was independent contractor — plaintiff was not employee of defendants — question of fact raised as to nature of employment.

In a common-law action to recover damages for personal injuries suffered by the plaintiff, a defense that the plaintiff's exclusive remedy was under the Workmen's Compensation Law cannot be sustained, since it appears that the defendants hired a third person to paint at twenty-one dollars per day, under an agreement that said third person would employ a helper; that said third person employed the plaintiff to help him to do the painting; and that the defendants had no control over the plaintiff or the right to discharge him.

The third person was an independent contractor engaged to do a specific piece of work and the mere fact that he was paid a stated amount per day does not change the relationship, for the defendants had no control over the means or method of work. The testimony of one of the defendants on cross-examination raised a question of fact as to the nature of the employment of the plaintiff which should have been submitted to the jury.

Appeal by the plaintiff, Herman Greenberg, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of June, 1925, upon the dismissal of the complaint at the close of the plaintiff's case.

*Goldberg & Solomon* [*Charles Solomon* of counsel; *Louis P. Goldberg* and *Joseph G. Josephson* with him on the brief], for the appellant.

*Reed, Jenkins, Dimmick & Finnegan* [*William B. Shelton* of counsel], for the respondents.

McAvoy, J. The complaint in this action was dismissed at the close of plaintiff's case, because it was held by the trial court that plaintiff was entitled to benefit payments under the Workmen's Compensation Law, and that such relief was his exclusive remedy, and that, therefore, he could not maintain a common-law cause of action for his injury.

The defendant Sommer-Nestle Painting and Decorating Company was engaged in November, 1921, in making alteration in a theatre in Manhattan, New York. The defendant engaged a man named Spiesman to do the painting work and agreed to pay him twenty-one dollars per day. Spiesman agreed to hire a helper to

assist in the work, and as such helper, he hired the plaintiff, who was injured on November 8, 1921, while about to leave the theatre after completing his day's work, by the fall of a ladder said to have been caused by the neglect of one Isidore Nadler, an employee of the defendant. The defendants were sued for the damages resulting from the personal injuries, and they interposed the defense that the plaintiff was in the employ of the defendants and entitled to compensation under the Workmen's Compensation Law, and was barred from prosecuting the common-law action for damages. We think this defense not maintainable under the proof in this cause.

The testimony of plaintiff showed that he was engaged by Spiesman and was paid by Spiesman and was under his supervision, control and direction, and that he was never paid, directed or ordered by any one connected with the defendants, or by any other person except Spiesman. It also appeared in proof that while working upon the job the plaintiff was engaged in doing other work for the same Spiesman on a different job, and that his wages of nine dollars per day were intended to compensate him for the work performed on both jobs by him.

The defendants' motion to dismiss the complaint upon the ground that plaintiff was an employee of defendants was granted as though this fact were uncontested, when as matter of proof the opposite situation was shown, that is, that plaintiff was an employee of Spiesman and not of the defendants. Defendants were required to prove that plaintiff was not the employee of Spiesman but was their employee, and there was no competent proof whatever of the usual concomitants of employment by the defendants. The testimony of Sommer, the secretary of the defendant corporation, is conclusive on this question of employment. It showed that they paid Spiesman twenty-one dollars a day to do the work which required the services of another; that they hired Spiesman only; that defendants had nothing to do with the helper one way or another. His precise testimony on this point is: " Q. You had nothing to do with the helper one way or another? A. No, I had nothing to do with him, except with Spiesman, I gave orders to Spiesman, and the helper assists Spiesman."

There was no proof that the work of Spiesman was to be in any way controlled by defendants nor that the right to discharge him was retained by the defendants. There is no doubt that under these conditions Spiesman was an independent contractor, because he was the one who agreed to do a specific piece of work for another for a lump sum or its equivalent. He had control over himself and his helpers, as to when he should begin and finish the work,

as to method, means or procedure of accomplishing it; and he was, apparently, not subject to discharge because he did the work as to method and detail in one way rather than another.  The mere fact that the work was to be paid for by the hour does not make any difference in the result.  The defendants did not retain control over the job.  They gave some directions, not as to the method or means of doing the work, but as to the work to be done.  This did not change the relation of the parties.  (*Matter of Beach* v. *Velzy*, 238 N. Y. 100.)  Spiesman falls under all these rules.  The plaintiff was, therefore, his employee if these be facts.

It is obvious from a reading of the record that even considering the testimony of the defendant Sommer on cross-examination in response to leading questions of defendants' counsel, a question of fact as to the nature of the employment of the plaintiff was raised which should have been submitted to the jury.  It is unnecessary to consider the points of plaintiff concerning the admission of evidence in response to leading and incompetent questions to defendant Sommer while on the stand, or with respect to the exclusion of properly proffered proof of plaintiff, as the judgment must be reversed for the foregoing reasons and the erroneous rulings are not likely to occur on a new trial.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, MERRELL, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.