In the Matter of the Claim of WILLIAM PIERCE, Respondent, against WILLIAM BOWEN and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 17, 1927.

Workmen's compensation — relationship — claimant is owner of race horses and drove race horses for others — claimant was engaged to drive one race during which he was injured — claimant was independent contractor.

The claimant, who was injured while driving a horse on a race track, was an independent contractor and not entitled to compensation, since it appears that he was the owner of race horses and attended fairs for the purpose of exhibiting his own horses and that from time to time he drove horses for other owners; that his charge for driving a race consisting of three heats was fifteen dollars, with a ten-dollar bonus in case he won; that the custom of race tracks permitted

the owner to discharge the driver before the race was completed, but that even though the driver were discharged he was entitled to the full compensation, and that the work required the skill of an expert and was of such a nature that it could not be supervised by the owner of the race horse.

APPEAL by William Bowen and another from an award of the State Industrial Board, made on the 25th day of February, 1927.

*David B. Sugarman* [*Edward T. Wilber* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

*Wilber F. Knapp,* for the claimant, respondent.

HINMAN, J. The main question to be decided on this appeal is whether claimant was an independent contractor. He was a grocer, but in the summer months his wife managed the store while he engaged in horse racing as a professional driver. He had been a race-horse driver for twenty-five years. He attended the fairs, driving his own horse as well as the horses of other owners. When he drove for others he was not paid by the hour, day, week or month but he had a customary fee or charge of fifteen dollars a race and if he won he would charge a ten-dollar bonus in addition. He drove for anybody whenever he happened to be at a racing affair if any one wished to employ him. In the week of October 7, 1925, there was a fair at Dundee, N. Y., where claimant lived. He had entered his own horse in the races and he had arranged to drive in some of the races for a Mr. Beyer and also a Mr. Gill, both of whom owned race horses which had been entered. On the morning of October seventh, William Bowen, who had a racing stable, hired claimant to drive two races for him on that afternoon and one the following day. He had never hired claimant before and no arrangement was made for any work except the driving of Bowen's mare in those three races. He was not expected to clean stables or do anything except the driving in the races and incidentally to see that the horse was " cooled off properly." When Bowen hired claimant, nothing was said about compensation. Bowen had men regularly in his employ to look after his horses and train them, but when he arrived at a fair it was customary for him to hire a race driver like claimant. The price he paid varied with the individual hired. It ranged from five dollars to twenty-five dollars and he never asked the price in advance but paid the man's customary price after the racing was over or when he discharged him. This was the track custom. Sometimes he would hire one man one day at the track and the next day another man. Sometimes he would take a driver out after one heat and before the race was over. He

testified: " If he don't do like I tell him I get rid of him.    *    *    *    If he went out and drove a race, drove one heat and I saw he was doing something wasn't right I can pick out another fellow and chances are he would say he could have driven for somebody else and got so much and I would have to pay it.    That is the custom."    He also said that the owner can " pull " a man out of a race " if he is doing something that is not fair, if I see him cheating I can pull him. *    *    *    Q. If you did discharge him you would pay him as much as if he drove the whole race?    A. Yes."    The claimant also testified that the owner could " pull him out " after the first heat but he would have the right to charge fifteen dollars just the same and that the owners pay that way.    The races are driven in heats and he said he would get just as much for the part he drove as if he drove for the whole race.    He said he wore his own " colors " that day rather than Bowen's, because he expected to drive for others and possibly would drive his own horse in other races.    Bowen told him to do so; also told him " to keep the mare to outside of track because she might make a jump, she was real nervous; " also told him " to take hold of her so."    Bowen told him to drive to the outside of the track because " she was flighty " and asked him " not to hold too tight " because he was " not used to the mare." These were the only instructions he received from Bowen.    Claimant said it was " natural that any owner gives you instructions how to drive his mare; " that every horse has its own peculiarities; that some owners inform their drivers of such peculiarities and some do not.    Claimant suffered an accident in the very first heat of his first race that afternoon while driving for Bowen, was thrown from his seat and run over by others and injured his shoulder.

It was work that claimant did at odd times.    No steady employment was contemplated.    His driving for others was largely incidental to driving for himself.    While at the fairs he accepted opportunities to drive for others.    He had a customary price and owners paid his price without question, just as Bowen expected to do.    It was essentially a lump sum job.    He was to get his regular price for a race whether he was removed from the job after one or more heats or whether he finished the race.    He was a professional driver who owned his own race horses and had driven them and those of others for many years.    It was a peculiarly specialized occupation requiring the skill of an expert.    He did not hire out for a racing season but specialized in driving a single race or a single day's races or possibly the races at a single fair and on such days, as on this occasion, he was accustomed to drive his own horse and the horses of different persons in different races.    He wore his own racing " colors."    He was to do a given piece of work at a

given price.  The owner was interested only in the result.  He had to rely upon the skill and experience of claimant to run the race and if possible to win it.  Supervision by the owner was impossible at the time the work was being done.  It is the peculiar character of the job and the particular skill and expertness of claimant to accomplish this highly specialized kind of undertaking, which had to be carried out by himself unaided by helper or employer, that should fundamentally determine the question here involved.  He was not converted into an employee or servant because he tolerated some interference and advice as to how the horse might act and as to how to meet her peculiarities.  (*Matter of Beach* v. *Velzy*, 238 N. Y. 100, 104.)  The fact that the owner could discharge him after a single heat and replace him with another man is not conclusive, since that was the custom of the track and entered into the terms of the contract and his compensation was the same as if he had completed the race.  " The doctrine of liability without fault should not be stretched beyond the limits established by the Legislature in order to cover cases of hardship which are not provided for."  (*Matter of Beach* v. *Velzy*, *supra*, 105.)  We think that the claimant was not an employee or servant of Bowen, but was an independent contractor and as such could not receive an award of compensation.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

COCHRANE, P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.