In the Matter of the Claim of WILLIAM PIERCE, Appellant, against WILLIAM BOWEN et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — driver of racehorses, at fixed price per race, but who is subject to owner's directions as to methods of driving and handling horses, a servant — award for injury received in race improperly reversed.**

One who contracts to drive an owner's horses in a certain number of races, at a stipulated price a race, but who, in respect to the methods to be pursued in making the races and handling the horses, is subject to the orders of the owner, is a servant and the owner is his master. It is immaterial that he is to receive a lump sum price for each race he drives. An award, under the Workmen's Compensation Law, for injuries received in a race was, therefore, improperly reversed.

*Matter of Pierce* v. *Bowen*, 221 App. Div. 628, reversed.

(Argued January 9, 1928; decided February 14, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1927, reversing an award of the State Industrial Board, made under the Workmen's Compensation Law and dismissing the claim.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for appellants. The relationship of employer and employee existed between Mr. Pierce and Mr. Bowen at the time the accident happened. (*Fancher* v. *Boston Excelsior Co.*, 235 N. Y. 272; *Liberatore* v. *Friedman*, 224 N. Y. 710; *Peake* v. *Lakin*, 221 N. Y. 490; *Claremont* v. *De Coss*, 220 N. Y. 671; *Woods* v. *Tupper Lake Chemical Co.*, 221 N. Y. 660.)

*Edward T. Wilber* and *David B. Sugarman* for respondents. The relation herein established falls squarely within

20

[247 N. Y. 305]          Opinion, *Per Curiam*.          [Feb.,

the definition of " independent contractor." (*Beach* v. *Velzey*, 238 N. Y. 100; *Hexamer* v. *Webb*, 101 N. Y. 377; *Litts* v. *Risley Lumber Co.*, 224 N. Y. 321.)

*Per Curiam.* The claimant contracted with the respondent to drive the latter's horses in four races at a county fair at the prevailing rate of fifteen dollars a race. In the first race in which the claimant drove for the respondent he received an accidental injury. In respect to the methods to be pursued in making the race and handling the horse to be driven the claimant was subjected to the orders of the respondent. He was directed by the respondent to drive the horse with the rein not too tightly drawn. He was directed to drive on the outer circumference of the track in order to avoid frightening the horse. These instructions and many others which might have been given, it was claimant's duty to honor under the penalty of a discharge for disobedience. Consequently the claimant was a servant and the respondent was his master. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Beach* v. *Velzy*, 238 N. Y. 100.) It is immaterial that the claimant was to receive a lump sum price for each race in which he drove. (*Matter of Fancher* v. *Boston Excelsior Co.*, 235 N. Y. 272.)

The order of the Appellate Division should be reversed, and the award of the State Industrial Board confirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.