In the Matter of the Claim of SAMUEL HURST, Respondent, against FEHR & SONS and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 20, 1929.

*Rollin B. Sanford* [*John T. DeGraff* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HINMAN, J.   Claimant had been a lather for years and had been accustomed to do such work for contractors, charging at the rate of five dollars and twenty-five cents per 1,000.   A general contractor engaged claimant to lath a house which such contractor was erecting and agreed to pay him at that rate.   When claimant undertook the work he sent his son and another lather to do it

and did not himself appear on the job until the third day. The scaffold on which claimant was working on that day broke and he injured his foot, for which he has received an award of workmen's compensation. Claimant agreed to do a specific piece of work, namely, to lath a particular house. It required him to be responsible for putting the necessary number of lath in that house at a definite sum per 1,000. His working hours were not prescribed for him. He assumed to send others to do the work. He did not appear personally on the job until the general contractor sent word to him to put more men on the job because the plasterers were ready to start. He paid his own men and the general contractor sent one check to claimant covering the services of all. The lathers supplied their own tools and erected their own scaffolds, using lumber supplied by the general contractor. Under all these circumstances and particularly the fact that he was not required to provide his own personal services alone but could and did procure the work to be done by others, we think he was an independent contractor. (*Dean* v. *Johnson*, 216 App. Div. 773; *Ball* v. *Estate of Bertelle*, 201 id. 768; *Matter of Beach* v. *Velzy*, 238 N. Y. 100.)

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

VAN KIRK, P. J., WHITMYER and HILL, JJ., concur; HASBROUCK, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.