LULU M. DAY, as Executrix, etc., of COVERT I. DAY, Deceased, Respondent, *v.* FIFTH AVENUE AND FORTY-THIRD STREET BUILDING CORPORATION, Appellant.

PIETROWSKI & KONOP, INC., and Another, Parties Sought to Be Impleaded, Respondents.

First Department, December 5, 1930.

*James M. Baird* of counsel [*Alfred W. Andrews*, attorney], for the appellant.

*Erving Pruyn* of counsel [*Prentice & Townsend*, attorneys], for the plaintiff, respondent.

*Roman Beck* of counsel [*Samuel B. & Bernard Pollak*, attorneys], for the respondent Pietrowski & Konop, Inc.

*William L. OBrion* of counsel [*E. C. Sherwood*, attorney], for the respondent Baker, Smith & Co., Inc.

SHERMAN, J. This action was brought to recover damages for the death of plaintiff's testator from injuries sustained while a workman engaged in the construction of defendant's building. Defendant makes an application under subdivision 2 of section 193 of the Civil Practice Act, to bring in as parties defendants to this action two of the contractors engaged in the erection of the building. From the order denying that application, defendant appeals.

The complaint alleges in substance that the deceased fell in the shaftway because of negligence in leaving the shaftway and hoistings in an unguarded and unsafe condition and in allowing rubbish and material to accumulate upon the floor near the shaftway.

Defendant owner did not itself perform any of the construction work. In its application, it alleges by affidavit facts tending to show that the two proposed defendants, Pietrowski & Konop, Inc., the contractor for fireproof arches, and Baker, Smith & Co., the steam fitting contractor, and employer of plaintiff's testator, were, if any one, liable for the negligence alleged. It also sets up the following indemnity engagement of each of these contractors found in their respective contracts with the owner: " Should any person or persons, or property be damaged or injured by the contractor, or by any person, or persons employed under him, in the course of the performance by him of this agreement or otherwise, whether by negligence or otherwise, said contractor shall alone be liable, responsible and answerable therefor, and does hereby agree, to and with the said owner, to hold harmless and indemnify the owner

of and from all claims, suits, actions, costs, counsel fees, expenses, damages, judgments or decrees by reason thereof."

The motion to implead the two proposed defendants should have been granted. The rights of these parties can thus be determined in one trial without the necessity of bringing further independent actions. That is one of the purposes of this section of the Civil Practice Act. (*Travlos* v. *Commercial Union of America, Inc.*, 217 App. Div. 352, 359; *Lachow* v. *Brooklyn Eastern District Terminal, Inc.*, 222 id. 698; *Hailfinger* v. *Meyer*, 215 id. 35.)

Plaintiff does not object to the granting of this application.

To require defendant to bring a second action on its right of reimbursement against these parties would necessitate another trial involving the same facts to be proved by the same witnesses. That should be avoided. (*Dudar* v. *Milef Realty Corporation*, 225 App. Div. 854; *Post & McCord, Inc.*, v. *N. Y. Municipal R. Corp.*, 187 id. 167, 175.) The proposed new parties contend that they are free from liability but that does not defeat this motion.

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellant against the respondents sought to be made defendants, and the motion granted, the case to retain its position on the calendar.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellant against the respondents sought to be made defendants, the motion granted and the case to retain its position on the calendar.