HARRY E. BLIZARD, Plaintiff, *v.* BINGHAMTON GAS WORKS, Defendant.

Supreme Court, Broome County, October 23, 1935.

*Lee, Levene & McAvoy* [*Theodore Levene* of counsel], for the plaintiff.

*Hinman, Howard & Kattell* [*C. Addison Keeler* of counsel], for the defendant.

PERSONIUS, J. This motion is made in the above and two other actions against the same defendant growing out of the same accident.

The complaint charges that the defendant negligently constructed and negligently failed to inspect and repair its gas mains and pipes, with the result that an explosion occurred injuring the plaintiff. The defendant claims that the defect in its main was caused by the acts of the city of Binghamton in negligently doing work under and adjacent to the main, and that if the defendant is liable, the city of Binghamton will be liable over to the defendant.

Under the complaint, the defendant may be held liable without showing the *cause* of the defect in the main. The plaintiff may show the defect, its existence for some period, the failure of the defendant to inspect, discover and repair it. The issue between the defendant and the city of Binghamton, if brought in, would require proof as to the cause of the break, a fact in which the plaintiff may not be at all interested. This would require the production of many witnesses in whose testimony the plaintiff is in no wise interested, testimony tending to becloud and confuse the issue tendered by plaintiff. If only he who *caused* the break in the defendant's pipe was liable, evidence as to the cause would be necessary to the plaintiff's case and the city might well be brought in. But the

plaintiff may succeed without determining the facts upon which the defendant's right to recourse against the city of Binghamton depends. As in *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118, at p. 123), " the judgment [for the plaintiff] could be, or might be, based entirely or in part upon the sole negligence " of the defendant, having nothing to do with the city of Binghamton. The facts in the above case are distinguishable but the principle enunciated is not.

In *Day* v. *Fifth Ave. & Forty-third St. Building Corp.* (231 App. Div. 89), cited by the defendant, the original defendant (owner) did none of the construction work. It was performed by contractors, whom defendant sought to bring in. The plaintiff did not object. The contractors were liable over to the owner (1) because the negligence, if any, was theirs, and (2) under the terms of their contract. The same evidence of negligence which would hold the owner would make the contractors liable to the owner. A trial between the owner and the contractors would involve the " same facts to be proved by the same witnesses."

The motions are denied, with ten dollars costs.