(September 22, 1948.)

In the Matter of the Claim of DOROTHY E. PHILO, Respondent, against PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award for an occupational disease. The appellant argues that the evidence does not support the claim that tuberculosis was contracted by the respondent in her work in the employer's hospital. The evidence sustains the award and it should be affirmed. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.

In the Matter of the Claim of HELEN PARADISE, Respondent, against GRUMMAN AIRCRAFT ENGINEERING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award of workmen's compensation in favor of the claimant. The board found that claimant was injured while engaged in the regular course of her employment and that the injuries arose out of such employment. The sole contention of appellants is that the medical evidence does not sustain the award. This court finds that the decision of the Workmen's Compensation Board is supported by the evidence. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.

In the Matter of the Claim of MRS. WALTER R. NORRIS, on Behalf of Herself as Widow and Others, Infants, Respondent, against CARL KAEMPFER, Doing Business as HILLSIDE GREENHOUSES, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the named employer and his insurance carrier from a decision and award of death benefits made by the Workmen's Compensation Board. Appellants contend there was no evidence to sustain the finding of decedent's status as an employee and that the proofs establish he was an independent contractor in the performance of carpentry work and painting in the course of which he met with fatal accident. Decedent and a fellow carpenter were engaged by appellant Kaempfer and his son to perform the carpentry and some painting in the construction of living-quarter additions to their place of business. There was no written agreement as to their engagement. They were separately paid for their hours of work at equal rates. There was no partnership agreement between them. While the evidence as to the loose arrangement of decedent's engagement presented some aspects of an independent contractorship certain essentials were lacking. There was evidence of a reservation of control where " there was a choice of doing the work one way or the other ", and there was no proof that decedent was not subject to discharge at any time. (Matter of Beach v. Velzy, 238 N. Y. 100, 103.) The finding that decedent was an employee and not an independent contractor is supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.