**GOODARD v. SHASTA S. S. CO., Inc.**

**Civ. A. No. 3809.**

United States District Court
W. D. New York.

Dec. 23, 1948.

See also 9 F.R.D. 12.

Naples & Sicherman, of Buffalo, N. Y., for plaintiff.

Sanders, Hamilton, Dobmeier & Connelly, of Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant moves for an order giving it leave, as third-party plaintiff, to serve a summons and complaint upon Oldman Boiler Works, Inc., "which is or may be liable to the defendant for all or part of the plaintiff's claim against it."

The complaint alleges that plaintiff is a citizen of Pennsylvania and defendant a New York corporation and citizen of that state. It demands $75,000 damages for personal injuries and alleges that defendant is and, on January 19, 1948, was owner of the steamer Shasta and was operator of it on that date while it was located at Buffalo, N. Y., and, on that date, was employed on the steamer by Oldman Boiler Works, Inc.; that the steamer was then afloat on a navigable stream, Buffalo river, within the United States; that in the regular course of said employment, "plaintiff's clothes were caused to be ignited", as a result of which he "was greatly burned and seriously injured."

He alleges that defendant failed to furnish a safe place to work, to have safety rules and regulations, "violated the rules and customs of navigation and ship maintenance and the practices in repairing said vessel, and that (it) was unseaworthy", had notice or should have had that plaintiff needed heat but failed to provide it, had "actual or constructive notice that heating equipment and torches for welding would be required by (him)" but "negligently failed to provide fire apparatus, extinguishers, or other safeguard for (his) safety"; that, because of defendant's "failure to provide reasonable and adequate fire apparatus said vessel was unseaworthy," that the accident was wholly caused by defendant's negligence and the steamer's said unseaworthiness.

The allegations of negligence and unseaworthiness are denied by defendant, which alleges that plaintiff's injury was caused solely by his own negligence "or through causes beyond the control of the defendant herein, and that (he) was at all times furnished a safe place to work, and a seaworthy ship, and that at the time of the injury (he) was the employee of an independent contractor who had full charge and supervision of the ways, works and means of the ship and plaintiff herein."

Defendant's attorney Connelly in his affidavit in support of the instant motion alleges that plaintiff was not employed by defendant but was in employ of Oldman Boiler Works, Inc., of Buffalo, N. Y., a corporation which had been employed by defendant to make certain repairs on the S/S Shasta and that the doing of the work by him for his employer was entirely under latter's control and that the place where the work was being done was entirely in the possession and control of said employer.

Attached to the motion papers and made a part of the affidavit is a draft of the complaint which defendant desires to serve upon Oldman Boiler Works, Inc., as third-party defendant. It alleges in substance that, on December 15, 1947, it employed Oldman Boiler Works, Inc., to make certain repairs on S/S Shasta, then lying in the Buffalo harbor; that Oldman "was immediately given access to and put in sole possession and control of that part of the said ship upon which said repairs were to be made"; that plaintiff was employed by Oldman and, on January 19, 1948, was engaged in making repairs; that, at all times mentioned in the complaint, he was in Oldman's employ and subject to its orders and directions as to all matters connected with the work performed by him "as to the place, the tools used, and directions as to the manner of performing his services, and that any negligence of any nature which may have resulted in the injuries complained of by (him) was the fault of the third party defendant"; that defendant has performed all the terms and conditions of its employment of Oldman for making the repairs upon said ship.

Rule 14 of the amended Rules of Civil Procedure, 28 U.S.C.A., provides in part: "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

**12**

■ The contract between defendant and Oldman Boiler Works, Inc., is not set forth in detail nor has a copy thereof been submitted to the court but, from the allegations in the moving affidavit and proposed complaint it may be inferred that Oldman on the job in question was an independent contractor as that term has been defined in the leading case of Matter of Beach v. Velzy, 238 N.Y. 100, 103, 143 N.E. 805, 806, as follows:

"The independent contractor is one who agrees to do a specific piece of work for another for a lump sum or its equivalent who has control of himself and his helpers, as to when, within a reasonable time, he shall begin and finish the work, as to the method, means or procedure of accomplishing it, and who is not subject to discharge because he does the work as to method and detail in one way rather than another."

If the allegations in the moving affidavit and the proposed complaint are true—and they are not denied by plaintiff—Oldman Boiler Works, Inc., may be deemed an independent contractor liable to defendant for any damages it may be called upon to pay on account of this accident. Scott v. Curtis, 195 N.Y. 424, 428, 88 N.E. 794, 40 L.R.A., N.S., 1147, 133 Am.St.Rep. 811; Schwartz v. Merola Bros. Construction Corp., 290 N.Y. 145, 155, 48 N.E.2d 299.

■ Section 193, subd. 2 of the New York Civil Practice Act likewise permits a state court, upon application of a party, to bring in some third person who "is or will be liable to such party wholly or in part for the claim made against such party in the action". Under this provision, an independent contractor may be brought in. Day v. Fifth Ave. & Forty-Third St. Building Corp., 231 App.Div. 89, 246 N.Y.S. 380; Branch v. Town of Eastchester, 258 App. Div. 727, 14 N.Y.S.2d 863.

· Defendant, therefore, is granted leave to serve a summons and a copy of the proposed complaint upon Oldman Boiler Works, Inc., and make the latter a third-party defendant pursuant to amended Rule 14.