**William A. SUTHERLAND, Plaintiff,**

**v.**

**UNITED STATES of America, Adolph J. Urban, Harold M. Somberg, James L. Field and James S. Sullivan, Defendants.**

**Civ. A. No. 18993.**

United States District Court
E. D. New York.
April 23, 1959.

See also 23 F.R.D. 247.

Klein, Sardaro & Nolan, New York City, for plaintiff.

John J. O'Connor, New York City, by Donato Socci and Richard H. Huber, New York City, of counsel, for defendant Harold M. Somberg.

Cornelius W. Wickersham, Jr., U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., by Benjamin H. Berman, New York City, Attorney in Charge, New York Office, Admiralty and Shipping Section, Department of Justice, Walter L. Hopkins, Attorney, Admiralty and Shipping Section, Department of Justice, New York City, of counsel, for the United States.

BYERS, Chief Judge.

This is a motion by the individual defendant, Harold M. Somberg (M.D.), to dismiss a cross-claim pleaded in the answer of the United States to the complaint filed.

The action is under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages alleged to have been sustained by plaintiff while he was a patient in the United States Marine Hospital at Stapleton, Staten Island. While there he had to undergo an operation, which he alleges to have been negligently performed.

Apparently the injuries were serious and permanent.

The answer pleads as a second defense, that the said Somberg at the time involved, was a consultant in neuro-surgery, and was so engaged by the United States as an independent contractor, that he was in charge of the said operation, and was in exclusive control of all participating surgeons, and is chargeable

with the alleged negligence, if that occurred.

The said defense is the basis of the cross-claim against Somberg which in substance asserts that in the event of the recovery of a judgment, the United States is entitled to full reimbursement and indemnity arising from the written contract between it and Somberg.

The present attack upon the cross-claim is based upon the assertion that under applicable decisions of the New York courts, it must now be ruled as a matter of law that the cross-claim does not assert a claim upon which relief can be granted, F.R.Civ.P. rule 12(b), 28 U.S.C.A.

This means that since the Government's answer asserts that Somberg was hired as an independent contractor, no liability can attach to it, for his negligence, if there was such present. That argument does not touch the question of Somberg's possible duty to indemnify the Government, which will have to be decided in light of the decisions of federal courts dealing with the nature and extent of the asserted duty—contractual or implied. To resolve that question, testimony will have to be taken as to all relevant circumstances. It may be that the special engagements incident to such a relationship as existed between the Government and Somberg, may be found not to be controlled by Ryan Stevedoring Co. v. Pan-Atlantic etc., 350 U.S. 124, 76 S. Ct. 232, 100 L.Ed. 133 and others involving like situations.

Whether that is true or false, the necessity for taking full testimony seems to be apparent.

Of course this court cannot be asked to speculate upon the question of whether the plaintiff will eventually prevail in his cause; it is sufficient to note that the challenged pleading seems to be appropriate under Rule 13(g), F.R.Civ.P. Cf. Goodard v. Shasta S.S. Co., D.C., 9 F.R.D. 10.

Motion denied. Settle order.