■ In the Matter of WILLIAM C. MACMILLEN, JR., Individually and as President of Horsemen's Benevolent and Protective Association, New York Division, Respondents, v NEW YORK STATE RACING AND WAGERING BOARD, Appellant, and JOCKEY'S GUILD, INC., Intervenor-Appellant. — Judgment of the Supreme Court, New York County (A. Tyler, J.) entered September 23, 1981, annulling a declaratory ruling of the New York State Racing and Wagering Board which required the owners of thoroughbred race horses to provide workers' compensation insurance for their jockeys in order to race their horses at race tracks located in New York State reversed, on the law, without costs, and the declaratory ruling reinstated. Petitioner is president of the Horse-

men's Benevolent and Protective Association, New York Division. He brought this CPLR article 78 proceeding on behalf of the association and in his individual capacity to review and annul a declaratory ruling of the State Racing and Wagering Board (Board) which required owners of horses engaged in flat racing at tracks in this State to carry workers' compensation insurance for their jockeys. The policy has been embodied in a long-standing requirement of the Board. The declaratory ruling was issued at the request of petitioners which sought a re-evaluation by the Board of its practice. Section 57 of the Workers' Compensation Law requires that all governmental department heads which are required to issue permits or licenses to employees engaged in a hazardous occupation "shall not issue such permit unless proof duly subscribed and affirmed as true under the penalties of perjury by an insurance carrier is produced in a form satisfactory to the chairman, the compensation for all employees has been secured as provided by this chapter". In compliance with this requirement the Board adopted its thoroughbred rules (9 NYCRR 4006.3) which provide that all jockeys and stable hands shall be covered by workers' compensation insurance either by the owner or trainer "according to which one is the employer". Petitioners do not dispute that the occupation of a jockey is a hazardous one. However, they assert that many jockeys, particularly journeyman jockeys are independent contractors and not employees. Whether this be so is seriously questionable (*Matter of Pierce v Bower,* 247 NY 305). Be that as it may, it was not within the competence of Special Term, nor does it lie within our competence, to decide that question in the first instance. The determination of that issue lies, initially, within the exclusive jurisdiction of the Board. The determination of the Board may thereafter be reviewed in the manner provided by the Workers' Compensation Law. In adopting its rule and in its declaratory ruling the Board acted within the ambit of its authority (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269), and was neither arbitrary nor capricious. Accordingly, its action must be sustained. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ